UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID F.,

                Plaintiff,

     v.                                             5:20-CV-1558
                                                         (DJS)
KILOLO KIJAKAZI, *Acting Commissioner of
Social Security*,[1]

                Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

MEGGESTO, CROSSETT             KIMBERLY A. SLIMBAUGH, ESQ.
& VALERINO, LLP,
Attorney for Plaintiff
313 E. Willow Street, Suite 201
Syracuse, New York 13203

U.S. SOCIAL SECURITY ADMIN.     CHRISTOPHER POTTER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d).  The Clerk is directed to modify the docket accordingly.

# MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 14 & 20. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff applied for disability and disability insurance benefits in August 2018. Dkt. No. 8, Admin. Tr. ("Tr."), p. 53. Plaintiff alleges disability based upon pain and injuries to his hands, elbows, and shoulders. *Id.* He alleged a disability onset date of April 30, 2014, which was later amended to August 3, 2015. Tr. at pp. 38 & 52. Plaintiff's application was initially denied on November 26, 2018, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 36-50. Plaintiff appeared at a hearing before ALJ Elizabeth Koennecke on December 2, 2019 at which Plaintiff testified and a supplemental hearing on March 9, 2020 at which vocational expert ("VE") testified. Tr. at pp. 36-50.[3] On March 17, 2020, the ALJ

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

[3] Only the transcript of the supplemental hearing appears in the record.

1

issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-26. On October 26, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-10.

### B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. Tr. at p. 17. The ALJ found that there had been a continuous twelve month period during which Plaintiff had not engaged in substantial gainful activity. Tr. at p. 18. The ALJ found that Plaintiff had the following severe impairments: bilateral shoulder impairment and right arm impairment. *Id.* The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 19. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels except that he "is able to perform work at below shoulder level. He cannot lift, carry, push, or pull more than 10 pounds on the dominant right side. He cannot use power tools. The claimant has no limitations in his ability to sit, stand, or walk." *Id.* Next, the ALJ found that Plaintiff could not perform his past relevant work. Tr. at p. 24. Finally, the ALJ went on to find that there was also other work existing in significant numbers

in the national economy that Plaintiff could perform. Tr. at pp. 24-25. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 26.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. Step Two

Plaintiff maintains that the ALJ erred in not finding his diabetes to be a severe impairment at Step Two of the sequential analysis. Dkt. No. 14, Pl.'s Mem. of Law at pp. 16-18. The Court finds that this is not a basis for remand.

As described above, at Step Two, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental abilities to do basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities include walking, standing, sitting, lifting, carrying, pushing, pulling, reaching, handling, seeing,

5

hearing, speaking, understanding, remembering and carrying out simple instructions, using judgment, and responding appropriately to supervision, co-workers, and usual work situations. *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citing *Gibbs v. Astrue*, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008)); *see also* 20 C.F.R. § 404.1522(b).

"Although the Second Circuit has held that this step is limited to 'screening out *de minimis* claims,' [ ] the 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor v. Astrue*, 32 F. Supp. 3d at 265 (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995); *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)); *see also* SSR 85-28 ("An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities.")). The claimant retains the burden of presenting evidence to establish severity. *Taylor v. Astrue*, 32 F. Supp. 3d at 265 (citing *Miller v. Comm'r of Soc. Sec.*, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008)).

The ALJ specifically considered whether Plaintiff's diabetes met the threshold of a severe impairment. She noted evidence in the record that this condition was "well controlled with medication and relatively asymptomatic." Tr. at p. 18 (citations omitted). She also noted that no medical opinion found that Plaintiff's diabetes limited his ability to perform basic work functions. *Id.* This reasoning finds at least some support in the record, Tr. at p. 404, and this Court will not now reweigh the evidence. *See Lewis v. Colvin*, 122 F. Supp. 3d 1, 7 (N.D.N.Y. 2015). Plaintiff does not dispute this evaluation of the record, but offers additional evidence in support of the conclusion that his diabetes should have been considered severe. *See* Pl.'s Mem. of Law at pp. 16-18. A severe impairment is one that that "significantly limits [Plaintiff's] physical or mental ability to do basic work activities." *Mikus v. Berryhill*, 2017 WL 1319838, at *2 (N.D.N.Y. Apr. 7, 2017) (citing 20 C.F.R. § 404.1520(c)). Even accepting Plaintiff's subjective assertions regarding this condition, he has cited no evidence in the record demonstrating that it significantly limits his ability to work. As a result, the Court finds that substantial evidence supports the ALJ's Step Two determination.

"The omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in her RFC determination." *Pascal T. v. Berryhill*, 2019 WL 316009, at *7 (N.D.N.Y. Jan. 24, 2019) (citing cases); *see also Margarita S. v. Comm'r Soc. Sec.*, 2019 WL 266678, at *5 (N.D.N.Y. Jan. 18, 2019); *Terry M. v. Comm'r of Soc. Sec.*, 2018 WL 6807218, at *5 (N.D.N.Y. Dec. 27, 2018). Here, the ALJ specifically stated

that she "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." Tr. at pp. 18-19. Given that the disability analysis continued beyond Step Two, the Court would, in any event, find any error in not finding Plaintiff's diabetes a severe impairment to be harmless. *See Lisa P. v. Saul*, 2019 WL 4690260, at *5 (N.D.N.Y. Sept. 26, 2019).

### B. Step Five

Plaintiff also alleged error at Step Five of the sequential analysis regarding the ALJ's reliance on the vocational expert. Pl.'s Mem. of Law at pp. 13-16. Specifically, Plaintiff alleges the ALJ failed to properly resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles regarding the need for overhead reaching in the jobs identified by the VE. *Id.*

> If the ALJ decides to utilize services of the VE at the hearing, the VE's testimony generally should be consistent with the occupational information supplied by the DOT. The ALJ is required to inquire, on the record, as to whether or not there is such consistency between the VE's testimony and the DOT, and when there is an apparent unresolved conflict between VE and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE's testimony to support a determination or decision about whether the claimant is disabled.

*Reilly v. Comm'r of Soc. Sec.*, 2020 WL 6507327, at *3 (W.D.N.Y. Nov. 5, 2020) (internal quotations, citations, and alterations omitted); *see also Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019).

Here, the VE identified three jobs Plaintiff could perform: counter clerk, information clerk, and storage facility rental clerk, Tr. at p. 42, all of which require some level of overhead reaching. Pl.'s Mem. of Law at p. 14. The ALJ's RFC, however, found that Plaintiff could only perform work at below shoulder level. Tr. at p. 19.

"Testimony that a claimant with overhead reaching limitations is capable of performing a job that the Dictionary describes as requiring 'reaching,' then, creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d at 92 (emphasis omitted). The record here establishes that the ALJ failed to properly resolve this conflict as required by *Lockwood*.

Defendant concedes that the DOT does not distinguish between overhead reaching and reaching in other directions. Dkt. No. 20, Def.'s Mem. of Law at p. 6. She further concedes that "[n]either the ALJ nor the vocational expert acknowledged that fact." *Id.* The record reflects that the VE engaged in an extended colloquy about whether or not an individual could perform the identified jobs with only one arm but did not discuss the issue of overhead reaching versus what the ALJ found to be Plaintiff's functional limitation of "work at below shoulder level." Tr. at pp. 19 & 38-49. "Reaching still includes overhead reaching, and as such, the ALJ was still required to clarify this conflict. The matter of only one extremity being involved does not relieve the ALJ of this duty." *Neumeister v. Comm'r of Soc. Sec.*, 2020 WL 3412469, at *5 (W.D.N.Y. June 22, 2020) (internal citation omitted)

9

When the ALJ denies benefits based on evidence that conflicts with the DOT without taking any steps to resolve the conflict, remand is warranted. *Munoz v. Comm'r of Soc. Sec.*, 2021 WL 4264814, at *7 (E.D.N.Y. Sept. 20, 2021). Defendant maintains that remand in light of this error would be an "empty exercise" because Plaintiff can show no prejudice. Def.'s Mem. of Law at p. 6. In *Lockwood*, however, the Second Circuit expressly noted that it is not the Court's "role to speculate as to how or whether that conflict might have been resolved had the Commissioner carried out her responsibility to probe such matters." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d at 94. Instead it found remand the appropriate remedy "so that the Commissioner may have the opportunity to conduct the requisite inquiry in the first instance." *Id.* Accordingly, the Court remands the matter for that inquiry.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** pursuant to sentence four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 25, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge